IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CENTRAL LABORERS' PENSION, )
WELFARE & ANNUITY FUNDS, )
)
         Plaintiffs, )
)
       vs. )         No. 06-cv-1002- JPG
)
RIVER BEND CONTRACTORS, INC., )
DONALD M. BARTON, JR., individually, )
and  DONALD BARTON, SR. individually. )
)
         Defendants. )

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant River Bend Contractors Inc.'s ("River Bend") motion to strike six exhibits to the complaint (Doc. 13).  River Bend claims that the exhibits attached to the complaint are not actually what they are purported to be in the complaint.  Plaintiff Central Laborers' Pension, Welfare & Annuity Funds ("Central Laborers") has responded to the motion (Doc. 23).

Federal Rule of Civil Procedure 12(f) governs striking materials from the pleadings.  That rule provides that, upon a motion or upon its own initiative, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The burden on a motion to strike is upon the moving party.  *See Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F. Supp. 2d 1028 (N.D. Ill. 1998).

River Bend argues that the exhibits it seeks to strike are immaterial and irrelevant because they are not what Central Laborers claims they are or are not identifiable because they are single pages taken out of context.  Central Laborers concedes that its reference to the complaint's exhibits may be confusing or not completely accurate but maintains that River Bend

is bound by the agreements from which the exhibits were taken or that the exhibits are relevant to this case.

In light of Central Laborers' position that River Bend is bound by the agreements reflected in the exhibits, the Court cannot find that they are immaterial to this cause of action. Whether River Bend is actually bound by the agreements reflected in the exhibits is a question to be answered at later stages of this litigation. To the extent that River Bend is unable to identify the origin of certain exhibits exerpted from larger documents, it may seek the entire documents in discovery. To the extent that Central Laborers may want to amend its complaint to more accurately describe its exhibits, it may file a motion for leave to amend its pleading pursuant to Federal Rule of Civil Procedure 15(a).

For the foregoing reason, the Court **DENIES** the motion to strike (Doc. 13).

**March 26, 2007**          s/ J. Phil Gilbert
**Date**                    **United States District Court Judge**