UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTRAL LABORERS' PENSION, WELFARE, AND ANNUITY FUNDS,<br><br>Plaintiffs,<br><br>v.<br><br>RIVER BEND CONTRACTORS, INC., DONALD M. BARTON, JR., individually and DONALD BARTON, SR., individually,<br><br>Defendants. | Case No. 06-1002-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on a motion by Defendants Donald M. Barton, Jr. and Donald Barton, Sr. to dismiss Count II and Count III of the complaint under Federal Rule of Civil Procedure 12(b)(6) (Doc. 17). For the reasons set forth below, the motion to dismiss Count II against Barton Jr. is **DENIED** and the motion to dismiss Count III against Barton Sr. is **GRANTED**.

Plaintiffs, Central Laborers' Pension, Welfare, & Annuity Funds, brought this action against River Bend Contractors, Inc., and against Barton Jr. and Barton Sr. as individuals (Doc. 4). Count I alleges violations of the Employee Retirement Income Security Act, 29 U.S.C §§ 1132 & 1145 (hereinafter ERISA), against River Bend Contractors for unpaid employer contributions and contractual damages. Count II against Barton Jr. and Count III against Barton Sr. allege individual liability for the above damages because the Defendants are "employers" under section 1145 of ERISA (Doc. 4, Ct. II, ¶3) and are personally bound by contract (*Id*. at ¶24).

Plaintiffs attached agreements to their complaint signed by Barton Jr. with "Pres."

handwritten next to his signature. The attached agreements contained a personal liability clause in Section 3 of Article VI. The clause holds officers or directors personally liable if they are responsible for willful failure to report contribution hours.

In his motion to dismiss, Barton Jr. argues that he cannot be personally liable because the Plaintiffs never alleged he was an officer. Also, Barton Jr. argues he cannot be personally liable because he signed the agreements as a representative of the corporation, not as an individual (Doc. 22). In their response (Doc. 29), Plaintiffs focus their arguments on Barton Jr. being liable because he signed agreements containing the personal liability clause. Plaintiffs included the terms of the personal liability clause in their response.

## I.     Standard for dismissal

When reviewing a Rule 12(b)(6) motion to dismiss, the Court will dismiss a complaint that fails "to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6). Federal notice pleading only requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "All a complaint need do is narrate a claim for relief." *Gale v. Hyde Park Bank,* 384 F.3d 451, 453 (7th Cir. 2004).

Recently, the Supreme Court attempted to clarify the adequacy of pleadings rule in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). The traditional rule for the last fifty years has been that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (emphasis added). In *Twombly*, there is a strong reference to a change in the pleading standards when the Supreme Court said *Conley's* "no set of facts" language "has earned its retirement." *Twombly*, 127 S.Ct. at 1969; *see also Walker v.*

*S.W.I.F.T. SCRL*, No. 06-3447, 2007 WL 1704293 at *2 (N.D. Ill. Jun. 12, 2007). Also, the Supreme Court said a complaint must contain "*enough facts* to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974 (emphasis added). Here, the facts pled are sufficient whether the Court gave a broad or narrow interpretation of what is an adequate level of facts under the *Twombly* pleading requirements.

Additionally, a Rule 12(b)(6) motion to dismiss requires the court to accept as true all well-pled facts and draw all reasonable inferences in favor of the plaintiff. *Chicago Dist. Council of Carpenters Welfare Fund v. Caremark, Inc.*, 474 F.3d 463, 471 (7th Cir. 2007). When reviewing a motion to dismiss, contracts attached to a complaint and referred to in the complaint are considered part of the pleading. Fed. R. Civ. 10(c); *Caremark, Inc.*, 474 F.3d at 466; *see also Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

**II.   Analysis**

COUNT II

The complaint sufficiently alleges Barton Jr. is liable under section 1145 because he signed agreements that personally bound him to liability for willful failure to report contribution hours. Section 1145 of ERISA states:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

"ERISA essentially imposes a federal obligation on employers who contractually agree to contribute to employee pension plans." *Sullivan v. Cox*, 78 F.3d 322, 324 (7th Cir. 1996).

The general rule is that individuals are not liable for corporate debt under ERISA. *Sullivan*, 78 F.3d at 325; *see also Plumbers' Pension Fund v. Niedrich*, 891 F.2d 1297, 1300-1301 (7th Cir. 1989). An exception to the general rule is when an individual accepts personal liability in a contract. *Sullivan*, 78 F.3d at 324-325; *see also Niedrich*, 891 F.2d at 1299.

Whether an individual accepted contractual obligations under section 1145 depends on state contract law. *Sullivan*, 78 F.3d at 325-326; *see also Levit v. Ingersoll Rand Fin. Corp.*, 874 F.2d 1186, 1193-1194 (7th Cir. 1989). Under Illinois law, "when an officer signs a document and indicates next to his signature his corporate affiliation . . . the officer is not personally bound." *Wottowa Ins. Agency, Inc. v. Bock*, 104 Ill.2d 311, 315-316, 84 Ill.Dec. 451, 453, 472 N.E.2d 411, 413, (1984). However, an exception to this rule is if there is contrary intent in the document that the officer intended to personally bind himself. *Id*.

For the complaint against Barton Jr. to survive, Plaintiffs must state a viable claim against Barton Jr. for which this Court can grant relief. The Plaintiffs must provide Benton Jr. with enough information to put him on notice of the claim. Looking at the complaint and the attached agreement, Plaintiffs have stated a valid claim against Barton Jr.

Section 3 of Article VI of the agreements between Plaintiffs and River Bend Contractors holds an officer personally liable if he is responsible for willful failure to report contribution hours. Therefore, a viable claim under the personal liability clause requires first that Barton Jr. signed the agreements and that Plaintiffs alleged Barton Jr. was an officer. Second, Plaintiffs must allege there is an intent within the agreement for Barton Jr. to be personally liable for corporate contributions. Finally, the Plaintiffs must allege willful failure to report contribution hours for liability under the agreements and therefore an obligation under section 1145.

First, Barton Jr. signed the agreements that allegedly contained the personal liability clause as the president of the defendant corporation. Defendant argues in his motion to dismiss that Plaintiffs never alleged Barton Jr. was an officer. Since only officers or directors can be liable under the personal liability clause, Defendant is suggesting that Plaintiff has not stated a claim. However, the signature pages of the agreements were attached to the complaint which contained the signature of Barton Jr. with "Pres." written next to it. Since Plaintiffs attached these exhibits to the complaint, it is reasonable to infer Plaintiffs were alleging Barton Jr. was the president of River Bend Contractors.

Second, the personal liability clause of the agreements contains an intent to hold officers personally liable for corporate contributions by signing the agreements. Barton Jr. argues that he is not personally liable because he signed as a representative of the corporation, not as an individual. However, the language of the personal liability clause could show his intent was to bind himself individually. Also, the Court finds that Barton Jr. received adequate notice that Plaintiffs are alleging a claim against Barton Jr. based on the personal liability clause. Arguably this personal liability clause was not clearly pointed out in the complaint like it was in the Plaintiffs' response. However, this clause was within a copy of the agreements between Barton Jr. and the Plaintiffs that was attached to the complaint. Additionally, the complaint stated Barton Jr. was "personally bound by the aforementioned contracts and/or agreements." (Doc. 4, Ct. II, ¶24). Overall, the context of the complaint gives Barton Jr. notice that he is liable because of the personal liability clause.

Finally, the Plaintiffs alleged the willful failure to report contribution hours required for liability under the agreements and therefore an obligation under section 1145. These contribution

allegations are clearly made in the complaint when Plaintiffs said that Barton Jr. "refused to, or intentionally failed to report all hours worked by covered employees." (Doc. 4, Ct. II, ¶23).

### COUNT III

Plaintiffs have conceded to the dismissal of Barton Sr. (Doc. 29).

### CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** the motion to dismiss (Doc. 17). The Court **DENIES** the motion to dismiss to the extent it seeks to dismiss Count II against Donald M. Barton Jr. and **GRANTS** the motion to dismiss to the extent it seeks to dismiss Count III against Donald Barton Sr. Barton Sr. is terminated as a party to this case. The Clerk of the Court is **DIRECTED** to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED: JULY 25, 2007**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**